**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

ALAN R. HECHT,                                        :
                  Plaintiff,                          :          CIVIL ACTION
     v.                                                 :
                                    :          No. 5:25-cv-5397

LEGEND SENIOR LIVING, LLC,                   :
and ALLENTOWN PCH, LLC                       :
               Defendants.                          :
_____

**O R D E R**

**AND NOW**, this 21st day of April, 2026, upon consideration of the Plaintiff's Second Amended Complaint, filed December 8, 2025, _see_ ECF No. 15; Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted, filed December 29, 2025, _see_ ECF No. 17; Plaintiff's Memorandum of Law in Opposition to Defendants' Motion, filed January 12, 2026, _see_ ECF No. 19; the Court's Order dated March 4, 2026, giving notice of its intent to convert Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint into a motion for partial summary judgment, and ordering the parties to submit any additional materials to support or oppose summary judgment by March 20, 2026, _see_ ECF No. 20; the Declaration of Teehonestee Johnson in Support of Plaintiff's Opposition to Motion to Dismiss, filed March 20, 2026, _see_ ECF No. 21; any exhibits to these aforementioned filings; and pursuant to Rule 12(d) and Rule 56 of the Federal Rules of Civil Procedure,[1] **IT IS HEREBY ORDERED THAT**:

_____

[1]     _See_ Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); _Rose v. Bartle_, 871 F.2d 331, 342 (3d Cir. 1989) (explaining that a district court should provide notice of its intent to convert a motion under Rule 12(b)(6) into a motion for summary judgment and provide the parties with an opportunity to submit materials admissible in a summary judgment proceeding). _See also Schmidt v. Skolas_, 770 F.3d 241, 249-53 (3d Cir. 2014) (finding that district court's dismissal of

1.      Defendant's Motion to Partially Dismiss Plaintiff's Second Amended Complaint, ECF No. 19, is **converted** into a Motion for Partial Summary Judgment and **GRANTED, as follows:**

    a.  **Judgment is entered in favor of Defendants**, and against Plaintiff, on **Count II** (Breach of Duty of Care), **Count III** (Fraud), and **Count V** (Negligence Per Se) of the Second Amended Complaint.

    b.  This matter shall proceed as to all remaining counts.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.,
United States District Judge

---

complaint on statute of limitations grounds was premature, given District Court's partial reliance on exhibits to motion to dismiss which were not integral to or relied upon in the complaint).